IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 2:13-CV-00225 |
| FANNIN COUNTY, GEORGIA | : |
| | : JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT

This is an action under the Age Discrimination in Employment Act of 1967 ("ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Donnie Green ("Green") and Weldon Thomas ("Thomas"), who were adversely affected by such practices. The Equal Employment Opportunity Commission alleges that, in November 2011, Fannin County, Georgia ("Defendant") violated the ADEA when it unlawfully discharged Green and Thomas pursuant to a reduction in force ("RIF").

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Gainesville Division.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.	At all relevant times, Defendant has continuously been a Political Subdivision and a body corporate and politic in the State of Georgia with

governing authority created pursuant to Art. IX, § 1, ¶ 1 of the Constitution of the State of Georgia and doing business in the State of Georgia and has continuously maintained at least twenty (20) employees. This Court has personal jurisdiction over Defendant.

5. At all relevant times, the Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

7. More than thirty days prior to the institution of this lawsuit, charges were filed with the Commission alleging violations of the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## AGE DISCRIMINATION CLAIM

8. Since at least November 2011, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia location in violation of § 623(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). The unlawful employment practices include

discharging Green and Thomas because of their age.

9. Defendant is a county of the State of Georgia. Defendant operates a Roads Department that, inter alia, constructs and maintains roads in the county.

10. In November 2011, Defendant decided to layoff a number of employees in the Roads Department because of alleged budget shortfalls (the "RIF").

11. Green and Thomas were two of the employees selected for the RIF, and they were laid off on November 4, 2011.

12. On November 4, 2011, Green was 64 years old and Thomas was 65 years old.

13. Defendant claims that Green and Thomas were selected for the RIF because they could only perform one job function and they refused to cross train in other areas. Both Green and Thomas could perform multiple job functions within the Roads Department and neither refused to cross train in other areas.

14. A total of eleven employees of the Roads Department were laid off as part of the RIF. Of those eleven employees, seven were over the age of 60, and four were between the ages of 44 and 57.

15. Shortly after the RIF, Defendant re-hired three of the eleven employees who had been laid off (ages 44, 52, 57), but did not re-hire any of the

seven employees over the age of 60, including Green and Thomas.

16. In addition to re-hiring employees under the age of 60 who had been part of the RIF, Defendant also hired eight new employees under the age of 60 within months after the RIF.

17. The effect of the practices complained of in paragraph 8-16, above, has been to deprive Green and Thomas of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

18. The unlawful employment practices complained of in paragraphs 8-16, above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its Commissioner, board members, employees, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities for individuals 40 years of age and older and that eradicate the effects of its past and present unlawful

employment practices.

C. Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum in liquidated damages, and prejudgment interest to Green and Thomas.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs of this action.

[Jury Demand and Signature page follows]

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

September 30, 2013

s/*Robert K. Dawkins*
Robert K. Dawkins
Regional Attorney
Georgia Bar Number: 076206

Ottrell F. Edwards
Supervisory Trial Attorney
Georgia Bar No. 141979

Steven A. Wagner
Trial Attorney
Georgia Bar Number: 000529

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Atlanta District Office
100 Alabama Street, SW - Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 - direct
(404) 562-6905 - facsimile
robert.dawkins@eeoc.gov